

**U.S. Department of Justice**

*United States Attorney
Eastern District of New York*

---

ALW:CSW
F.#2004R01172

*156 Pierrepont Street
Brooklyn, New York 11201
(718) 254-6528.*

June 21, 2005

**ECF FILING & OVERNIGHT MAIL**

The Honorable Leonard D. Wexler
United States District Court
Eastern District of New York
100 Federal Plaza
Central Islip, NY 11722

       The Louisiana Municipal Police Employees'
       Retirement System et al. v. Deloitte & Touche LLP,
       <u>Civil Docket No. 04-CV-621 (LDW)</u>

Dear Judge Wexler:

       The government respectfully submits this letter seeking to intervene in the above-referenced case (the "Deloitte Case") for the limited purpose of obtaining a stay of discovery. The government seeks a stay due to the pendency of a parallel criminal proceeding currently before the Court, <u>United States v. Kenneth Jaeggi, et al.</u>, 04-CR-519 (LDW), which is scheduled for trial on November 21, 2005 (the "Criminal Case"). The defendant in the Deloitte Case, Deloitte & Touche LLP ("Deloitte"), consents to the government's motion. Plaintiffs in the Deloitte Case, however, oppose the proposed stay, thus necessitating this application.

<u>Background</u>

       Both the Criminal Case and the Deloitte Case stem from a systematic and pervasive accounting fraud orchestrated by several former executives and employees of Symbol Technologies, Inc. ("Symbol"). Deloitte served as Symbol's outside auditor during the relevant time period.

       The first civil action growing out of the fraud at

Symbol was filed previously, on March 5, 2002, by the same plaintiffs who have brought the Deloitte Case.  The plaintiffs filed a class action lawsuit against Symbol, several of its former executives and certain board members, alleging that Symbol's publicly filed financial statements were materially misstated because of, among other things, the manipulation of reserves to meet earnings forecasts and improperly recognized revenue.  That action was assigned to this Court (the "Symbol Case").

The second civil action arising from the fraud at Symbol was the instant class action filed on February 12, 2004 by the Symbol Case plaintiffs, but this time against Deloitte.  The complaint in the Deloitte Case levels identical allegations of misconduct in connection with the fraudulently manipulated financial statements at Symbol.  It also adds the allegation, *inter alia*, that Deloitte "knowingly or recklessly issued false and misleading audit reports certifying Symbol's financial results."  This case was also assigned to the Court as a related matter.

Finally, on June 3, 2004, the Court unsealed the indictment in the Criminal Case, charging six defendants with engaging in a variety of fraudulent accounting practices at Symbol, including: (1) the generation of bogus and prematurely recognized revenue; (2) the fabrication and utilization of improper restructuring expenses and "cookie jar" reserves; and (3) the filing of false and misleading financial statements.  Last month, the Court scheduled the Criminal Case for trial on November 21, 2005.

Because of the pending trial in the Criminal Case, on June 10, 2004 the Court granted the government's motion to intervene in and stay discovery in the Symbol Case.  In so doing, the Court recognized the significant overlap between the allegations in the Symbol Case and the Criminal Case, as well as the substantial prejudice that the government would suffer in the absence of such action.  As set forth below, the government now seeks the same relief in the Deloitte Case on the identical grounds: the significant overlap in the allegations in each case, and the potential for discovery in the Deloitte Case to undermine the limited discovery permitted in the Criminal Case resulting in unfair prejudice to the government.

3

The Court Should Permit The Government To Intervene And Should Stay Discovery In This Case

Federal Rule of Civil Procedure Rule 24(a)(2) provides that a party may intervene as of right in an action when the party "claims an interest related to the property or transaction which is the subject of the action and the applicant is so situated that the disposition of the action may as a practical matter impair or impede the applicant's ability to protect that interest . . . ."  In the absence of a right to intervention, Rule 24(b)(2) provides the Court with broad discretion to permit intervention "when [the] applicant's claim or defense and the main action have a question of law or fact in common."

Courts routinely grant intervention as of right to allow the government to seek a stay of discovery where the government is conducting a criminal investigation of a party to the action, or where the action is closely related to the government investigation.  See, e.g., SEC v. Chestman, 861 F.2d 49, 50 (2d Cir. 1988); SEC v. Doody, 186 F. Supp. 2d 379, 381 (S.D.N.Y. 2002); Philip Morris Inc. v. Heinrich, 1996 WL 363156, *18-19 (S.D.N.Y. June 28, 1996).

Similarly, courts grant permissive intervention pursuant to Rule 24(b)(2) under the same conditions and rationale.  See, e.g., Twenty First Century Corp. v. LaBianca, 801 F. Supp. 1007, 1009 (E.D.N.Y. 1992); Bridgeport Harbour Place I, LLC v. Ganim, 269 F. Supp.2d 6, 8 (D. Conn. 2002); SEC v. Downe, 1993 WL 22126, *11 (S.D.N.Y. Jan. 26, 1993).  Here, the Court should allow the government to intervene under either prong of Rule 24 because, as described below, a stay is necessary to prevent civil discovery from undermining the prosecution of the Criminal Case, and because no injury will be suffered by the parties as a result of the stay.

The same underlying facts are at issue in both the Criminal Case and the Deloitte Case.  A stay of discovery in the Deloitte Case thus has become necessary to prevent the broad civil discovery allowed in this civil case from circumventing the more limited discovery available to the defendants in the Criminal Case.  See United States v. One 1964 Cadillac Coupe DeVille, 41 F.R.D. 352, 353 (S.D.N.Y. 1966) ("[W]here both civil and criminal proceedings arise out of the same or related transactions, the government is ordinarily entitled to a stay of all discovery in the civil action until disposition of the criminal matter.").  In determining whether to stay discovery the Court should balance the following considerations:

4

> (1) the private interest of the plaintiffs in proceeding expeditiously with the civil litigation as balanced against the prejudice to the plaintiffs if delayed; (2) the private interests of and burden on the defendant; (3) the convenience to the courts; (4) the interest of persons not parties to the civil litigation; and (5) the public interest.

<u>Twenty First Century Corp.</u>, 801 F. Supp. at 1010 (quotations/citations omitted). These factors militate in favor of a stay.

First, the private interests of the plaintiffs will not be diminished. The criminal trial is scheduled to be completed within six months, and the parties' respective rights will not be altered during that time period. Moreover, the plaintiffs, though opposed to a stay, may very well benefit from one because the government necessarily will have to elicit testimony at the criminal trial related to elements of the plaintiffs' civil claims. <u>See</u> <u>Twenty First Century Corp. v. LaBianca</u>, 801 F. Supp. 1007, 1009 (E.D.N.Y. 1992) (related criminal case "may streamline later civil discovery since the transcripts from the criminal case will be available to the civil parties").

Second, for similar reasons, the private interests of the defendants here, Deloitte, will not be impacted. This is perhaps best shown by the fact that Deloitte joins in this motion.

Third, the Court likely will benefit from the proposed stay as well. By permitting the Criminal Case to proceed unfettered, the Court will facilitate the narrowing or elimination of factual issues in the civil litigation. <u>See</u> <u>In re Grand Jury Proceedings</u>, 995 F.2d 1013, 1018 n.11 (11th Cir. 1993) ("Although stays delay civil proceedings, they may prove useful as the criminal process may determine and narrow the remaining civil issues."). Indeed, evidence introduced at the criminal trial may encourage a settlement between the parties in the Deloitte Case.

Fourth, a stay is required to prevent injury to the public interest. This will occur should the defendants in the Criminal Case attempt to take unfair advantage of the broad civil discovery rules applicable here to the detriment of the government and its witnesses. <u>See</u> <u>LaBianca</u>, 801 F. Supp. at 1009 (E.D.N.Y. 1992) (granting stay, in part, because "[a]llowing civil discovery to proceed . . . may afford defendants an

opportunity to gain evidence to which they are not entitled under the governing criminal discovery rules"); Bridgeport Harbour Place I, LLC v. Ganim, 269 F. Supp.2d 6, 8 (D. Conn. 2002) ("Courts are very concerned about the differences in discovery afforded to parties in a civil case and those of a defendant in a criminal case.").

The government clearly would be prejudiced by permitting civil discovery to proceed herein. Plaintiffs' counsel has informed the government that they intend to take the depositions of employees and former employees of both Symbol and Deloitte. Because the Deloitte Case and the Criminal Case stem from the same fraudulent conspiracy, the testimony plaintiffs seek likely will be that of government trial witnesses. The defense in the Criminal Case might be advantaged unfairly by this early preview of the testimony of government witnesses, while no such opportunity is afforded to the government vis-a-vis defense witnesses. Precisely for this reason, the Court previously granted the government's request for a stay of discovery in the Symbol Case shortly after these same plaintiffs noticed the depositions of Robert Korkuc and Robert Asti, both of whom have entered into cooperation agreements with the government and are likely witnesses at the criminal trial.

This is not the only possible prejudice to the government if a stay is not imposed. The plaintiffs in the Deloitte Case recently subpoenaed workpapers that were prepared by KPMG to aid Symbol's outside counsel in conducting an internal investigation into the fraudulent practices described above. The production of these identical KPMG workpapers also is being disputed in the Criminal Case. The government declined to produce these KPMG documents because they are not material under Rule 16 of the Federal Rules of Criminal Procedure; consequently, criminal defendant Michael DeGennaro filed a motion to compel their production. In the absence of a discovery stay these materials might be obtained by the defendants in the Criminal Case because of their disclosure in the Deloitte Case -- even if the Court ultimately sides with the government in the discovery dispute in the Criminal Case.[1] The requested stay would eliminate this possibility.

---

[1] The government recently learned that the Court entered a protective order for confidential materials in the Deloitte Case. Even assuming these KPMG documents are designated as confidential materials, this is insufficient to ensure that the materials will not be disclosed to the criminal defendants.

6

\*   \*   \*   \*

In sum, by permitting the government to intervene and granting the government's request for a stay, the Court will prevent serious interference with the government's prosecution of the Criminal Case, while freezing in place the respective rights of the parties to the Deloitte Case. Given this fact, and that defendant Deloitte joins in this motion, the Court should permit the government to intervene, and enter an order staying discovery until the trial in the Criminal Case is complete. For the Court's convenience, we have enclosed a proposed order that provides for this relief.

                                      Respectfully submitted,

                                      ROSLYNN R. MAUSKOPF
                                      United States Attorney

By: _____
     Craig S. Warkol
     Special Assistant U.S. Attorney
     (Of Counsel)

By: _____
     Matthew L. Levine
     Assistant U.S. Attorney
     (Of Counsel)

cc:   The Honorable James Orenstein (By ECF Filing)
     United States District Court
     Eastern District of New York
     100 Federal Plaza
     Central Islip, NY 11722

     Samuel Kadet, Esq. (By ECF Filing and Federal Express)
     Skadden, Arps, Slate, Meagher & Flom LLP
     4 Times Square
     New York, NY 10036
     Counsel for Defendant

     Daniel Berger, Esq. (By ECF Filing and Federal Express)
     Bernstein Litowitz Berger & Grossmann LLP
     1285 Avenue of the Americas
     New York, NY 10019
     Counsel for Plaintiff

Case 2:04-cv-00621-LDW-AKT   Document 34   Filed 06/21/05   Page 7 of 8 PageID #: 369

7

ALW:CSW
F.#2004R01172

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

- - - - - - - - - - - - - - - - -X

THE LOUISIANA MUNICIPAL POLICE
EMPLOYEES' RETIREMENT SYSTEM,
THE LOUISIANA SHERIFFS' PENSION &          **ORDER**
RELIEF FUND AND THE CITY OF MIAMI
GENERAL EMPLOYEES' & SANITATION
EMPLOYEES' RETIREMENT TRUST,
INDIVIDUALLY AND ON BEHALF OF ALL          04-CV-621 (LDW)(JO)
OTHERS SIMILARLY SITUATED,

    Plaintiffs,

v.

DELOITTE & TOUCHE LLP,

    Defendant.

- - - - - - - - - - - - - - - - -X

      On the application of the United States, through its counsel, Special Assistant U.S. Attorney Craig S. Warkol, having made a timely motion to intervene in the above-captioned action for the limited purpose of seeking a stay of discovery, which is on consent of the defendant in this action;

      And further, where, in this action, there are substantial questions of law and fact in common with an ongoing criminal proceeding pending before the Court, <u>United States v. Kenneth Jaeggi et al.</u>, 04-CR-519 (LDW), and where the United

States has an important interest which cannot adequately be represented by the parties in the above-captioned action;

The United States, having demonstrated, on balance, that a stay of discovery is warranted in the above-captioned action;

IT IS HEREBY ORDERED, pursuant to Federal Rules of Civil Procedure Rule 24(a) and (b), that the United States may intervene in the above-captioned action.

IT IS FURTHER ORDERED, that discovery in the above-captioned action be stayed until the completion of the criminal trial in <u>United States v. Kenneth Jaeggi et al.</u>, 04-CR-519 (LDW).

IT IS SO ORDERED.


Dated:    Central Islip, New York
          June __, 2005


                                  _____
                                  THE HONORABLE LEONARD D. WEXLER
                                  UNITED STATES DISTRICT JUDGE