# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF NEW YORK

| | |
|---|---|
| THE LOUISIANA MUNICIPAL POLICE EMPLOYEES' RETIREMENT SYSTEM, THE LOUISIANA SHERIFFS' PENSION & RELIEF FUND AND THE CITY OF MIAMI GENERAL EMPLOYEES' & SANITATION EMPLOYEES' RETIREMENT TRUST, INDIVIDUALLY AND ON BEHALF OF ALL OTHERS SIMILARLY SITUATED, <br><br> Plaintiffs, <br> v. <br><br> DELOITTE & TOUCHE LLP, <br><br> Defendant. | CIVIL ACTION NO. 04-621 (LDW) |

## [SECOND AMENDED [PROPOSED]] JUDGMENT

This action came before the Court, Honorable Leonard D. Wexler, District Judge, presiding, for settlement pursuant to Rule 23(e) of the Federal Rules of Civil Procedure, on the terms and conditions set forth in the Stipulation and Agreement of Settlement dated May 30, 2006 (the "Stipulation") with Deloitte & Touche LLP ("D&T"), and the issues having been duly briefed and heard, and due deliberation having been had, and a determination having been made expressly pursuant to Rule 54(b) of the Federal Rules of Civil Procedure that there is no just reason for delay, and it having therefore been expressly directed that final judgment thereon accordingly be made herein, it is

ORDERED, ADJUDGED AND DECREED that:

1. This Judgment incorporates by reference the definitions in the Stipulation, and all capitalized terms used herein shall have the same meanings as set forth in the Stipulation.

2. This Court has jurisdiction over the subject matter of the Action and over all parties to the Action, including all Class Members.

3. The Court finds and concludes that the prerequisites to class action certification under Rules 23(a) and (b)(3) of the Federal Rules of Civil Procedure have been satisfied in that: (a) the number of Class Members is so numerous that joinder thereof is impracticable; (b) there are questions of law and fact common to the Class; (c) the claims of Lead Plaintiffs are typical of the claims of the Class they seek to represent; (d) Lead Plaintiffs and their counsel have and will fairly and adequately represent the interests of the Class; (e) the questions of law and fact common to the Class Members predominate over any questions affecting only individual Class Members; and (f) a class action is superior to other available methods for the fair and efficient adjudication of the controversy.

4. The Court certifies the Action to proceed as a class action for purposes of the Settlement only, pursuant to Rules 23(a) and 23(b)(3) of the Federal Rules of Civil Procedure, on behalf of all persons or entities who purchased or otherwise acquired shares of Symbol common stock during the period beginning on March 2, 2000 through and including October 17, 2002, and who were damaged thereby, except that the Class does not include the following persons or entities: (a) D&T; (b) Symbol; (c) each Symbol Individual Defendant; (d) members of the immediate family of each Symbol Individual Defendant; (e) any entity in which D&T, Symbol, or any Symbol Individual Defendant have a controlling interest; (f) any person who was an officer, executive or director of Symbol during the Class Period; and (g) the legal representatives, heirs, successors or assigns of any such excluded party. Also excluded from the Class is any member thereof who excludes himself, herself or itself by filing a request for

exclusion in accordance with the requirements set forth in the Notice, as set forth in the Mailing Affidavit and Exhibit A hereto.

5. The Court finds and concludes that pursuant to Rule 23 of the Federal Rules of Civil Procedure, Lead Plaintiffs the Louisiana Municipal Police Employees' Retirement System, the Louisiana Sheriff's Pension & Relief Fund and the City of Miami General Employees' & Sanitation Employees' Retirement Trust are adequate class representatives and certifies them for purposes of the Settlement only as class representatives for the Class.

6. Each person and entity listed in Exhibit A hereto is deemed to have filed a valid request for exclusion from the Class and is hereby excluded from the Class. This Judgment is binding on all Class Members other than those persons and entities listed in Exhibit A hereto who have filed requests to be excluded from the Class.

7. The proposed Settlement on the terms and conditions set forth in the Stipulation is in all respects fair, reasonable and adequate, is in the best interests of the Class and should be approved, especially in light of the benefits to the Class and the complexity, expense and probable duration of further litigation against D&T and the risks of establishing liability against D&T.

8. The notification provided for and given to the Class was in compliance with the Preliminary Approval Order, and said notification constitutes the best notice practicable under the circumstances and is in full compliance with the notice requirements of due process, Rule 23 of the Federal Rules of Civil Procedure and Section 21D(a)(7) of the Securities Exchange Act of 1934, 15 U.S.C. § 78u-4(a)(7), as amended by the Private Securities Litigation Reform Act.

9. The Stipulation and the proposed Settlement are hereby approved and shall be consummated in accordance with the terms and provisions of the Stipulation.

10. The Court previously approved as fair and reasonable a Plan of Allocation for disbursement of settlement proceeds in the Final Judgment filed October 14, 2004 [Dkt 144] in *In re Symbol Technologies, Inc. Sec. Litig.*, 02-CV-1383 (LDW), and the Court again approves as fair and reasonable the Plan of Allocation for purposes of this Settlement.

11. The Complaint, which the Court finds was filed in accordance with Rule 11 of the Federal Rules of Civil Procedure, is hereby dismissed, with prejudice, and without costs to any party. The Court further finds that during the course of the Action, the parties and their respective counsel at all times complied with the requirements of Rule 11 of the Federal Rules of Civil Procedure.

12. Upon the Effective Date, by operation of this Judgment, each of the Lead Plaintiffs and all other Class Members, other than those listed in Exhibit A hereto, on behalf of themselves and their respective heirs, executors, agents, administrators, predecessors, successors, affiliates, assigns and legal representatives and all persons acting in concert with any such person, shall be deemed by operation of law to have released, waived, discharged and dismissed each and every Settled Claim, and shall forever be enjoined from instituting, maintaining or prosecuting any or all Settled Claims, against any Released Person, whether or not such Class Member executes and delivers a Claim Form.

13. Upon the Effective Date, by operation of this Judgment, D&T and each of the other Released Persons, on behalf of themselves and their respective heirs, executors, agents, administrators, predecessors, successors, affiliates, assigns and legal representatives and all

persons acting in concert with any such person, shall be deemed by operation of law to have released, waived, and forever discharged D&T's Claims against the Lead Plaintiffs and the Class Members.

14. Upon the Effective Date, by operation of this Judgment, any other person or entity who is or may be liable to the Lead Plaintiffs and/or the Class Members (or any person or entity other than any of the Released Persons), and the successors and assigns of any of them, is hereby barred from commencing, prosecuting, or asserting any action or claim of any kind whatsoever against D&T or any of the Released Persons, however denominated, whether based on federal, state, local statutory or common law or any other law, rule or regulation, including both known and Unknown Claims, where the alleged injury or damage to such person or entity is all or part of the amount of liability of such person or entity to the Lead Plaintiffs and/or the Class Members or all or part of any consideration paid by or on behalf of any such person or entity in settlement of any claims brought by or on behalf of the Lead Plaintiffs and/or the Class Members.

15. Upon the Effective Date, by operation of this Judgment, D&T and the Released Persons, and the successors and assigns of any of them, are hereby barred from commencing, prosecuting, or asserting any action or claim of any kind whatsoever, however denominated, whether based on federal, state, local statutory or common law or any other law, rule or regulation, including both known and Unknown Claims, where the alleged injury or damages to D&T and/or the Released Persons is all or part of the amount of liability of D&T and/or the Released Persons to the Lead Plaintiffs and/or the Class Members or all or part of the consideration to be paid by or on behalf of D&T and the Released Persons in this Settlement.

16. Each Class Member, other than those listed in Exhibit A hereto as having validly requested exclusion from the Class, is bound by this Judgment, including, without limitation, the release of claims as set forth in the Stipulation.

17. This Judgment, the Stipulation and all papers related thereto, are not and shall not be construed to be, any admission or concession by D&T of any liability or wrongdoing whatsoever, and shall not be offered as evidence of any such liability or wrongdoing in this or any other proceeding.

18. The administration of the Settlement and the decision of all disputed questions of law and fact with respect to the validity of any Claim or right of any person or entity to participate in the distribution of the Net Settlement Fund shall remain under the authority of this Court.

19. In the event that the Settlement does not become effective in accordance with the terms of the Stipulation, then this Judgment shall be rendered null and void to the extent provided by and in accordance with the Stipulation and shall be vacated, and in such event, all orders entered and releases delivered in connection herewith shall be null and void to the extent provided by and in accordance with the Stipulation.

20. The Court hereby finds that, pursuant to Rule 54(b) of the Federal Rules of Civil Procedure, there is no just reason for delay of entry of this Judgment and hereby directs its entry.

21. Without affecting the finality of this Judgment in any way, this Court hereby retains continuing exclusive jurisdiction over (a) implementation of the Settlement and any award or distribution of the Settlement Fund, including interest earned thereon; (b) disposition of the Settlement Fund; (c) hearing and determining the application for attorney fees, costs, interest

and reimbursement of Litigation Expenses; (d) all parties hereto for the purpose of construing, enforcing and administering the Stipulation and Settlement; and (e) the ongoing prosecution against the non-settling Symbol Individual Defendants in *In re Symbol Technologies, Inc. Securities Litigation*, Case No. 02-CV-1383 (LDW), and nothing herein shall be deemed to limit or otherwise affect the prosecution thereof.

IT IS SO ORDERED:

DATED: Central Islip, NY 9/12/06

_____
HONORABLE LEONARD D. WEXLER
UNITED STATES DISTRICT JUDGE

22715.3

# EXHIBIT A

1. Bruce & Ellen Fraser Trust
2. Peterson Family Trust
3. Jeanne Hansen
4. Alan Herbert